NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-517

HAROLD JOE BLACK

VERSUS

RANDY MAXWELL, SHERIFF, ET AL.

**********

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 40303
HONORABLE LEO BOOTHE, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Marc T. Amy, and Billy Howard Ezell, Judges.

AFFIRMED.

Freeman Rudolph Matthews
Timothy R. Richardson
Attorneys at Law
1615 Poydras Street, Suite 1250
New Orleans, LA 70112
(504) 592-4600
Counsel for Defendant/Appellee:
        Randy Maxwell, Sheriff
        Russell Butler, Warden
        Lance Moore, Chief

Harold Joe Black
In proper person
Allen Correctional Center
3751 Lauderdale Woodyard Road
Kinder, LA 70648

**DECUIR, Judge.**

After summary judgment was granted in favor of the defendants, pro se plaintiff, Harold Joe Black, initiated this appeal of the dismissal of his lawsuit. The defendants are the Concordia Parish Sheriff, Randy Maxwell; the Warden of the Concordia Parish Correctional Facility, Russell Butler; and another parish employee, Lance Moore. For the following reasons, we affirm the judgment of the trial court.

The plaintiff's petition asserts essentially three complaints regarding his confinement at the Concordia Parish Correctional Facility. Black first contends he was transferred there illegally and should have been housed at a different facility. Black then states that he was exposed to tobacco smoke and other toxic fumes which jeopardized his health as a heart patient who also suffers from prostate problems. Black's third complaint is that he was denied access to an adequate law library. Black's pleadings also assert other complaints such as the fact that he was housed with illegal immigrants who are federal prisoners, his mail was opened in violation of federal mail tampering laws, his legal papers were taken from him, and his civil rights were violated. In support of his claims, Black offered several affidavits which state that cigarette smoke and other fumes were present in the jail and that the law library was inadequate.

The defendants moved for summary judgment asserting that there are no genuine issues of material fact and that they are therefore entitled to judgment as a matter of law. Specifically, with regard to the issue concerning Black's incarceration at the Concordia facility, the defendants describe the issue as strictly a matter of law. First, Black has no right to be housed at a particular facility, and second, the defendants have no authority to either accept or refuse entry to inmates sent by the Louisiana Department of Corrections. Regarding the smoke issue, the defendants assert Black has no constitutional right to a smoke-free environment; furthermore, he

has alleged no physical injury or harm as a result of the second-hand smoke and other fumes to which he may have been exposed. Finally, the allegation concerning the law library was countered by the warden's affidavit stating that the facility had a law library available to inmates at the time Black was incarcerated there.

At the hearing on the defendants' motion for summary judgment, Black argued to the trial court that certain Louisiana statutes required that he be housed in a different correctional facility. However, he was unable to explain or prove to the trial court that the defendants were somehow responsible for his placement in the wrong facility. Black also had no response to the argument that the defendants do not have authority to refuse admission to inmates transferred to the Concordia facility. In response to the smoke issue, Black offered several articles taken from internet research to support his claim that his health will deteriorate as a result of the exposure to toxins in the air. Finally, Black relied on his own affidavit and those signed by fellow inmates to support his contention that the law library was inadequate or unavailable. The defendants pointed to the record in Black's criminal case and ongoing appeal, in which he is also representing himself, to show that he has had sufficient access to legal resources.

We are called upon to determine if the trial court's decision in dismissing the defendants was correct. Consequently, we are governed by a strict standard of review. In *Siripanyo v. Allstate Indemnity Co.,* 03-559, pp. 4-5 (La.App. 3 Cir. 12/23/03), 862 So.2d 1254, 1257, *writ denied,* 04-0182 (La. 3/19/04), 869 So.2d 860, this court discussed the standard of review of summary judgments:

> Appellate courts review summary judgments *de novo* under the same criteria that govern the trial court's determination of whether a summary judgment is appropriate. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions. The procedure is now favored and shall be construed to accomplish these ends. La.Code Civ.P. art. 966(A)(2). A motion for

2

summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). A fact is material when its existence or nonexistence is essential to the plaintiff's cause of action. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the summary judgment motion and in favor of trial on the merits. [Citations omitted.]

We have reviewed the record of these proceedings in accordance with the applicable standard of review. We conclude that summary judgment was properly granted by the trial court as we find no genuine issue of material fact exists. Therefore, the defendants were entitled to judgment as a matter of law.

The judgment appealed from is affirmed. Costs of this appeal are assessed to Harold Joe Black.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.